## JOHNSON v. ZERINGUE et al. *
### No. 14434.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

F. Carter Johnson, Jr., of New Orleans, for appellant.

F. A. Middleton and Lloyd Cobb, both of New Orleans, for appellees.

JANVIER, Judge.

Edward Johnson, a negro, forty-nine years of age, was walking along what is known as Metaire road going in the direction of the city of New Orleans when he was struck and injured by an automobile belonging to and driven by defendant Zeringue.

Johnson charges that the accident resulted from the negligent operation of the automobile, and, seeking to hold defendant liable, prays for a judgment for $13,500.

*Rehearing denied December 11, 1933.

Johnson states that he was walking, not on the paved part of the roadway, but on the shoulder alongside, and that defendant carelessly and without cause drove his car at high speed off the road and into him. He further asserts that he could not avoid the oncoming automobile because, had he stepped to his right, he would have been in the roadway and in greater danger, and, had he stepped to his left, he would have been prevented from leaving the path of the automobile because of a large tree.

Defendant's version is quite different. He declares that, as his automobile approached the point at which the accident occurred, he noticed Johnson on the shoulder of the road, not on the side on which Johnson says he was, but on the far side, and that Johnson suddenly ran into the center of the road, and then, apparently noticing the approaching car of defendant, stopped in the middle of the road where there was ample room for the car to pass, and that he (defendant), after first reducing his speed, was led by Johnson's action in looking towards the car and in then stopping to believe that Johnson had seen the approaching car and would wait for it to pass, but that, when his car was only a few feet away, Johnson suddenly attempted to dart across the remaining half of the road, and ran in front of the approaching automobile when it was too late for it to be stopped.

In the district court there was judgment for defendant and plaintiff has appealed.

In his petition and in his testimony Johnson declares that he was walking on the left side of the road when he was struck, and that he did not cross it and did not encroach upon that part which was used by automobiles. However, he produced no evidence to corroborate this statement, and the record shows conclusively that he had not been walking on that side of the road but on the other.

The evidence, and in it we find no substantial contradiction, shows that the accident occurred just as defendant says it did, and, as his word picture of the catastrophe seems to be an excellent one, we quote from his testimony as follows: " * * * as I approached him, this man ran right in front of another man's automobile coming towards New Orleans, and he gets into the center of the road, and he stops. The minute I saw him move, I let up on the accelerator, and at that time I had been traveling about thirty to thirty-five miles an hour, and as I approached this man, I was within ten feet of him when he broke and ran in front of my automobile."

■ There are certain facts to which plaintiff points as indicating that defendant's car was being operated at a dangerous rate of speed, and his counsel argue that, had the speed been moderate, the car could have been stopped notwithstanding any negligence on the part of Johnson himself. In other words, that even if Johnson was negligent in entering the roadway or in standing in a dangerous position, the last clear chance to avoid the accident remained with Zeringue and that he should have availed himself of this last opportunity.

One of the facts to which we refer is that certain witnesses who saw the car before the accident, and when it was about a mile away from the scene at which the accident afterwards took place, stated that it passed them at a speed much greater than that permitted by law.

Another fact is that there is testimony that, when the brakes were applied, the car slid or skidded a great distance, and another is the testimony that the damage to the car was somewhat severe.

Assuming that the car a few moments before the accident had been running at the speed testified to by two of the witnesses, and it seems quite probable that the speed was not so great as those witnesses believe that it was, there is nothing to show that that speed was maintained. On the contrary, the positive testimony is to the effect that the speed was no greater than is usual on that road and under the circumstances which prevailed at that time. Nor is there any positive evidence as to the distance which the car slid or skid.

So far as the damage to the car is concerned, we find that it was not great, and we believe that it could easily have been caused by the impact which would result from the striking of the body of a man by an automobile going at ten or fifteen miles per hour.

Plaintiff pitches his entire case upon the contention that the car left the road and ran him down. Such manifestly did not occur.

██ While it is true that defendant, seeing plaintiff standing in the middle of the roadway and intent upon accomplishing the crossing, was under the duty of making certain that there was no danger in his permitting his auto to continue upon its course, still, when plaintiff looked up and stopped, thus indicating that he saw the car and intended to remain stationary until it should pass, there was no negligence in defendant in then permitting the automobile to continue on its course. There was no reason for him to assume that a grown man, apparently in the full possession of his faculties, would rush, at the last moment, into the path of an approaching car.

We see no reason to disturb the finding of the trial judge.

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.